IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


James Stephen McCune,                    :

          Plaintiff,                     :
                                           Case No. 2:08-cv-211
          v.                             :

R. Hartley, et al.,                      :    JUDGE WATSON

          Defendants.                    :


REPORT AND RECOMMENDATION

     On March 12, 2008, James Stephen McCune, an Ohio prisoner,
filed a complaint against R. Hartley, et al., and sought leave to
proceed in forma pauperis.  On March 12, 2008, the Court granted
Mr. McCune's leave to proceed in forma pauperis.  His complaint
is now before the Court for the initial screening under 28 U.S.C.
§1915A.  For the following reasons, the Court will recommend that
Mr. McCune's complaint be dismissed for failure to state a claim.

                              I.

     28 U.S.C. §1915A provides that the court "shall review,
before docketing, if feasible . . . a complaint in a civil action
in which a prisoner seeks redress from a governmental entity,"
and further provides that the Court "shall . . . dismiss the
complaint, or any portion of the complaint, if the complaint (1)
is frivolous, malicious, or fails to state a claim upon which
relief may be granted; or (2) seeks monetary relief from a
defendant who is immune from such relief."  A suit is frivolous
if it lacks any arguable foundation in either fact or law.  See
Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint fails to
state a claim if, after accepting as true all well-pleaded
allegations of the complaint, it appears beyond doubt that the
plaintiff can prove no set of facts that would entitle him to

relief.  See Conley v. Gibson, 355 U.S. 41 (1957).  The Court is
mindful that pro se complaints are to be construed liberally in
favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519
(1972).  It is with these standards in mind that the Court
conducts its initial screening of the complaint submitted by this
plaintiff.

                              II.

     Mr. McCune, a blind inmate housed in the Frazier Healthcare
Center at the Pickaway Correctional Institution, filed this
action alleging that he had been physically assaulted by
defendant Craig, another inmate.  The central allegation of the
complaint is that defendant Hartley, the officer in charge of
safety and security at the Frazier Healthcare Center, did not
respond properly to this incident as a result of a pre-existing
animus toward Mr. McCune.  According to the complaint, on
September 19, 2007, defendant Craig touched Mr. McCune in an
aggressive manner and made threatening comments to him.  Mr.
Hartley's response merely was to speak to Craig for a few
minutes.  As a result, Mr. McCune contends, Craig continued to
harass, threaten and stalk him over the next two days.  According
to Mr. McCune, on the night of the alleged assault by Craig, the
medical staff was concerned enough for Mr. McCune's safety that
Craig was moved to another ward for that night.

     On September 21, 2007, Mr. McCune filed an informal
complaint with the institutional investigator and filed a
complaint with the warden.  He also notified his family of the
events and his family then contacted the Ohio State Patrol and
the governor.  On October 11, 2007, the institutional
investigator spoke with Mr. McCune. On October 12, 2007, Mr.
McCune was visited by a state patrolman.  Mr. McCune states that
the state patrolman did not believe any laws had been violated
but offered Mr. McCune the opportunity to be placed in

                              2

segregation if he was in fear for his safety or his life from any staff member or other inmate. Mr. McCune declined this offer. Following the state patrolman's visit, Mr. McCune filed an additional complaint and grievance to which he received responses from institution personnel.

III.

Although Mr. McCune's complaint does not allege the basis for his claim, he is apparently pursuing a claim pursuant to 42 U.S.C. §1983. To establish a prima facie claim under §1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right. See, e.g., Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992) (per curiam). Conclusory allegations are insufficient to state a claim under §1983. Rhodes v. Chapman, 452 U.S. 337 (1981). "Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed." McKeever v. Anderson, 2007 WL 5066964 (W.D. Mich. Nov. 9, 2007) at *2 (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)).

While Mr. McCune asserts a violation of his due process rights, the Court construes his complaint as attempting to assert a claim for a violation of his Eighth Amendment rights. Mr. McCune's complaint arises from an alleged assault by defendant Craig, a fellow inmate, and defendant Hartley's response to this alleged assault. Allegations regarding inmate safety are more properly subject to scrutiny under the Eighth Amendment. See generally Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Turning first to Mr. McCune's allegations concerning

3

defendant Craig, these allegations fail to state a claim under §1983.  Generally, an inmate is not a state actor or a person acting under color of state law for purposes of stating a claim under §1983.  See Goodell v. Anthony, 157 F.Supp.2d 796 (E.D. Mich. 2001) and cases cited therein.  Here, Mr. McCune has not alleged any joint activity between Craig and any state officials which suggests that Craig was acting under color of state law in connection with the alleged assault.  See id.  Absent such allegations, Mr. McCune has failed to state a claim against Craig upon which relief can be granted under §1983.  Further, there is no other basis for bringing a federal lawsuit against Craig.  Any state law claims against him would have to be pursued in a state court, not a federal court.

With respect to the claims against defendant Hartley, under the Eighth Amendment, prison officials may not use excessive physical force against prisoners.  In addition, they must also "take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must allege that the prison officials acted with "deliberate indifference" to a substantial risk that plaintiff faced serious harm from other prisoners.  Deliberate indifference entails subjective awareness of a substantial risk and disregard of that risk demonstrated by the failure to take reasonable steps to prevent it.  Farmer, 511 U.S. at 834. See also Greene v. Bowles, 361 F.3d 290 (6th Cir. 2004); Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Taylor v. Mich. Dep't of Corr., 69 F.3d 76 (6th Cir. 1995).

In his complaint, Mr. McCune simply does not allege any facts that, if proven, would demonstrate that Mr. Hartley was deliberately indifferent to his safety.  At best, Mr. McCune

asserts mere dissatisfaction with Mr. Hartley's response to the alleged assault.  The complaint contains no allegations that Craig presented a substantial risk to Mr. McCune's safety or that Mr. Hartley had any awareness of any such risk.  Specifically, the complaint does not describe the nature of the alleged attack, indicate that Mr. McCune was ever in any fear of the alleged attack, assert that Mr. McCune ever communicated any concern regarding a potential attack to Mr. Hartley, or contain any other allegations from which this Court could conclude that Mr. McCune has asserted a claim for a violation of his Eighth Amendment rights.  Rather, the complaint demonstrates that Mr. McCune's concerns were addressed by Mr. Hartley, the medical staff, various institution officials, and even the state police.   To the extent that Mr. McCune asserts that a proper response to his complaints could have prevented defendant Craig's subsequent assault on another inmate, Mr. McCune has no standing to pursue such a claim. In short, there are no facts alleged which would allow the Court or a jury to find that Mr. Hartley either knew that Mr. McCune was likely to be assaulted by Mr. Craig but did nothing to prevent it, or that he was simply willing to turn a blind eye to that possibility.  Absent such facts, no Eighth Amendment claim could be proven.

III.

Based on the foregoing, it is recommended that Mr. McCune's complaint be dismissed for failure to state a claim.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specified proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those

5

portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States District Court