FILED
JAMES BONINI
CLERK

2008 JUN 16 P 3: 02

U.S.
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Stephen McCune,

    Plaintiff,

v.

R. Hartley, et al.,

    Defendants.

Civil Action 2:08cv211

Judge Michael H. Watson

### ORDER

This matter is before the Court on the objection filed by the plaintiff, James Stephen McCune, to the Magistrate Judge's Report and Recommendation dated May 28, 2008. Pursuant to an initial screening under 28 U.S.C. §1915A, the Magistrate Judge recommended that Mr. McCune's complaint be dismissed for failure to state a claim.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Id.; see also 28 U.S.C. §636(b)(2)(B). For the following reasons, the objection will be overruled and this case will be dismissed.

Mr. McCune, a blind inmate housed in the Frazier Healthcare Center at the

Case No. 2:08cv211

Pickaway Correctional Institution filed a complaint under 28 U.S.C. §1983 arising from his alleged assault by Mr. Craig, another inmate. Mr. McCune named as defendants Mr. Craig and Mr. Hartley, the officer in charge of safety and security at the Frazier Healthcare Center. Mr. McCune alleged that Mr. Hartley did not respond properly to the assault because of his pre-existing animus toward Mr. McCune.

During the screening process, the Magistrate Judge, relying on Farmer v. Brennan, 511 U.S. 825, 832 (1994), construed Mr. McCune's complaint as attempting to assert a claim for a violation of his Eighth Amendment rights. After considering the complaint, the Magistrate Judge concluded that the complaint failed to allege any joint activity between inmate Craig and any state officials which suggested that inmate Craig was acting under color of state law in connection with the alleged assault. Consequently, the Magistrate Judge found, Mr. McCune failed to state a claim under §1983 against inmate Craig. Further, the Magistrate Judge concluded that Mr. McCune failed to allege any facts that, if proven, would demonstrate that Mr. Hartley was deliberately indifferent to his safety in violation of the Eighth Amendment.

In his current filing, Mr. McCune offers a slightly more detailed account of what he considers to be Mr. Hartley's knowledge of the risk presented by inmate Craig. The Court construes this account as an objection to the Magistrate Judge's finding that the complaint failed to allege any facts which would allow the Court or a jury to find that Mr. Hartley either knew that Mr. McCune was likely to be assaulted by inmate Craig and failed to prevent it, or that he simply ignored that possibility.

Despite his somewhat more specific allegations, Mr. McCune does not set forth any additional facts indicating that Mr. Hartley's knowledge pertained to any substantial

risk of serious harm to Mr. McCune at the hands of inmate Craig. Simply stated, Mr. McCune does not set forth any new facts that, if proven, would demonstrate that Mr. McCune suffered any serious harm let alone Mr. Hartley's potential awareness of any risk of serious harm as contemplated by the Eighth Amendment. Consequently, because Mr. McCune does not raise any new arguments or issues in his objection, the Court, after a de novo review, will adopt the Magistrate Judge's Report and Recommendation in its entirety. See Kittle v. State of Ohio, 2006 WL 2128908 at *1 (S.D. Ohio July 27, 2006) (citing Howard v. Secretary of Health and Human Services, 932 F.3d 505, 509 (6th Cir. 1991)).

Based on the foregoing, the Court overrules Mr. McCune's objection and adopts the Magistrate Judge's Report and Recommendation (#4) in its entirety. Accordingly, Mr. McCune's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall mail a copy of the complaint and this dismissal order to the defendants.

_____
Michael H. Watson, Judge
United States District Court